**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| DALE KESSLER, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

Plaintiff Dale Kessler, individually and on behalf of all others similarly situated, files this Class Action Complaint against Samsung Electronics America, Inc. ("Defendant" or "Samsung"), and alleges as follows based on his personal knowledge, the investigation of his counsel, and information and belief.

## I.    INTRODUCTION

1.    Ninety percent of American adults own a cell phone. Sixty-four percent own a smartphone—a mobile phone with more advanced computing capabilities. Since smartphones started becoming commercially available in the mid-1990s, they have become a fact of everyday life. On average, people check their smartphones 150 times a day and spend 177 minutes using them.[1]  People rely on their smartphones to do vast array of activities such as making phone calls, taking and sharing pictures, and accessing the Internet.

---

[1] Google, *Micro-Moments: Your Guide to Winning the Shift to Mobile*, pg. 3, https://think.storage.googleapis.com/images/micromoments-guide-to-winning-shift-to-mobile-download.pdf

2.      It is estimated that revenue from smartphone sales in 2015 was over $50 billion in the United States and over $400 billion globally.[2]  With prices typically ranging from $50 to $850 per device, competition for a share of the smartphone market is fierce. Competitors such as Samsung and Apple have historically released a "new and improved" smartphone in their respective product lines every year. Smartphone companies continually race to develop innovative features to entice customers, such as faster processors, increased storage capacity, higher quality cameras, and waterproofing.

3.      In particular, a smartphone's function as a camera is vital to consumers.  Samsung recognizes this.  The following chart is from a slideshow created by Samsung's marketing



department and based on data from a study conducted by the Pew Research Center.  As the chart shows, 92% of smartphone users worldwide use their devices for taking photos, and 80% for sending photos.

4.      Samsung also recognizes that camera quality is a critical distinguishing feature in the highly competitive smartphone marketplace. As stated in the following chart, also prepared by Samsung, "The camera is key to mobile device buying decision."

[2] Statista, *Smartphone Sales in the United States from 2005 to 2016*, https://www.statista.com/statistics/191985/sales-of-smartphones-in-the-us-since-2005/; Statista, Number of Smartphones Sold to End Users Worldwide from 2007 to 2015, https://www.statista.com/statistics/263437/global-smartphone-sales-to-end-users-since-2007/.



5.     Thus, when Samsung introduced its Galaxy S7 and Galaxy S7 Edge on February

21, 2016, its press release touted the devices' camera quality:

**Advanced Camera: High Quality Images No Matter Time of Day or Location**

 The Samsung Galaxy S7 and Galaxy S7 edge are built with advanced smartphone
cameras.  The main, rear camera sensor captures 95 percent more light through a
wider aperture and larger pixels to deliver brighter and sharper images, even in
low light1. With the first ever Dual Pixel sensor in a smartphone camera, the
Galaxy S7 and Galaxy S7 edge autofocus on an image quicker and more
accurately than other leading smartphones, allowing you capture moments even in
dim light.

*See* https://news.samsung.com/us/2016/02/21/samsung-introduces-galaxy-s7-galaxy-s7-edge-
center-new-mobile-world/.

6.     In fact, Samsung likens the camera on its S7 devices to a professional camera:

Each and every one of the pixels on the image sensor has two photodiodes instead
of one, meaning the professional-grade Dual Pixel Sensor can focus as quickly
and as accurately as you would with your own eyes.

*See* http://www.samsung.com/global/galaxy/galaxy-s7/camera/.

7.      The Samsung S7 series has received high marks for its camera quality. One website reviewing the "Best Smartphone Cameras 2016" declared Samsung's S7 the winner:

> For now, the Galaxy S7 reigns supreme. Its 12-megapixel dual-pixel sensor is a first in smartphones, enabling superfast autofocus so you never miss a shot. Large 1.4-micron pixels and a wide f/1.7 aperture let in more light than before for bright, vivid and sharp photos especially in low-light conditions.
>
> Samsung's superior camera isn't limited to the S7 and S7 Edge. You'll also find it in the Samsung Galaxy S7 Active, which offers the same photographic prowess but with a shatterproof screen.

*See* http://www.tomsguide.com/us/best-phone-cameras,review-2272.html.

8.      But the cameras in the S7 series devices have a serious problem. Without any external force applied, the glass covering the rear camera lens shatters, in a telltale circular pattern as if it had been shot out by a BB gun.

9.      Despite receiving numerous customer complaints describing this same issue, Samsung has consistently denied responsibility, instead blaming its customers and refusing to repair or refund the devices. Samsung has also failed to disclose the risk of this defect to the public.

10.     As a result of Samsung's actions, Plaintiff and the Class have suffered injury in fact and incurred fees and costs associated with the Galaxy S7, S7 Edge, and S7 Active. A smartphone without a usable camera is a device with only partial functionality, and without a repair or a refund from Samsung, consumers are left with limited options. To replace the device at retail price would cost between $650 and $800, while replacing the device through insurance, if the consumer insured his device, requires paying a deductible that may be between $175 and $250.

## II. PARTIES

11.     Plaintiff Dale Kessler is a citizen of the State of Wisconsin and a resident of Kenosha County.

12.     Defendant Samsung Electronics America, Inc. is a corporation existing under the law of the State of New York and is headquartered at 85 Challenger Rd, Ridgefield Park, New Jersey 07660. Defendant Samsung Electronics America, Inc. regularly conducts business throughout the State of Wisconsin.

## III. JURISDICTION AND VENUE

13.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Plaintiff resides in Wisconsin, and Defendant maintains its headquarters in New Jersey.  This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every Class Member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class Members reside across the United States and are therefore diverse from Defendant.

14.     This Court has personal jurisdiction over Defendant because Defendant has significant minimum contact with this State, and intentionally availed itself of the laws of Wisconsin by transacting a substantial amount of business throughout the State and this District.

15.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims alleged in this Complaint took place within this District.

# IV.  FACTUAL BACKGROUND

**A.  Within Days of Purchase, the Glass Camera Cover on Plaintiff's Smartphone Shattered, and Samsung Refused to Replace or Repair It.**

16.    On December 29, 2016, Plaintiff purchased a Samsung Galaxy S7 Edge.  He also purchased insurance for the device.

17.    One of the reasons Plaintiff purchased the S7 Edge was its "Dual Pixel Sensor" technology, as he wanted a smartphone that would allow him to take clear and detailed photos.

18.    Eight days later, on January 6, 2017, Plaintiff noticed that the glass covering the outward-facing camera on his Galaxy S7 Edge was shattered. At the time, the device was resting on a counter.  Plaintiff heard a popping sound come from the device, walked over to check it out, and discovered the shattered glass.  He had not dropped the device or applied any external force to the glass cover.  The shattered glass was in the shape of a perfect circle.  Below is a picture of Plaintiff's device after the glass shattered:



19.    The next morning, a Saturday, Plaintiff went to the store of his carrier, U.S. Cellular, to show them the device and find out what could be done to solve the problem.  The U.S. Cellular representative told Plaintiff that she would contact the corporate office on Monday.

20.     After he got back from U.S. Cellular, Plaintiff called Samsung.  The Samsung representative told him there was not much Samsung could do to help, but the representative opened a "ticket" regarding Plaintiff's complaint.

21.     On Monday, January 9, 2017, the manager at U.S. Cellular called Plaintiff.  She informed Plaintiff that she had spoken with the U.S. Cellular corporate office and with a Samsung representative and that there was nothing U.S. Cellular could do to help.  She indicated that Plaintiff should contact Samsung directly for repair services.

22.     On January 10, 2017, Plaintiff spoke to a Samsung representative for a second time.  Samsung's representative informed Plaintiff that the broken lens cover was Plaintiff's fault and that therefore the damage was not covered under his warranty.

23.     Because Samsung refused to repair or replace his Galaxy S7 Edge and his carrier likewise would not replace the device, Plaintiff determined that his only option was to go through his insurance and pay the $175 deductible for a replacement.

**B.     Samsung Previously Dismissed Similar Complaints from Other Customers as "Isolated Occurrences."**

24.     Through online research, Plaintiff quickly discovered that many Samsung customers had reported the exact same defect, manifesting under similar conditions, in each of the S7 series devices.

25.     In Samsung's online "Samsung Community" and in other online forums, customers posted accounts of similar experiences, including the following:

> So this morning I wake up to a still spotless S7E but the camera lens was completely shattered. I don't know what happened, I keep it in a pocket by itself and everything.

> Happened to my wife's 5 week old S7 on Sunday. It was sitting on the counter charging, has always been in the case, never dropped, etc. Took a picture and noticed it was fuzzy - then looked at the camera lens and saw that it was shattered.

I got the s7 active 10 days ago. The camera glass has already broken. There is glass missing and the rest is shattered. It looks as if someone has shot it with a bb gun.

This just happened to my phone a few days ago. I had no idea it was broken, because it never fell, i had it in my work vest pocket and when i started texting i felt something like glass on my finger so i turned my phone around and it was broken like a bb gun shot it right on the lens. Now the pictures are blurry.

*See* https://us.community.samsung.com/t5/Galaxy-S-Phones/s7-edge-rear-camera-glass-broken/td-p/2963.

26.     In July 2016, in response to comments such as these, a Samsung employee

offered the following "solution":

✅ Solution
Accepted by SamsungShan (Comet)
07-27-2016 03:32 PM
**Re: s7 edge rear camera glass broken**

Hi, everyone. I wanted to personally thank you for being active members of the community and want you to know that we understand this growing frustration and concern over something that seems quite unexplained.

We do see there are quite a few interesting theories, and although we cannot speculate on each individuals' situation, we would like to assure you that Samsung does take many different conditions into consideration when constructing our devices. Our desire is to always make high quality products for our customers and we strive to be leaders in quality. Although some unforeseen things may come, we do believe this is an isolated occurrence and do not want to place blame on anyone.

The best way to determine what caused **your** specific issue, is to send the unit in for service so that Samsung technicians can look at it firsthand.  Feel free to reach out to us on any channel:

@SamsungSupport on Twitter or

Samsung Support on Facebook or

By phone at 1-800-Samsung.

We appreciate your being a loyal Samsung customer.



*See* https://us.community.samsung.com/t5/Galaxy-S-Phones/s7-edge-rear-camera-glass-broken/m-p/14883#M6305.

27.     Apparently, by way of that response, Samsung considered the problem "solved":



28.     Despite the many reports from customers describing the same or similar manifestation of defect in the rear camera glass, Samsung called these reported events "an isolated occurrence."

29.     Samsung has neither adequately addressed customers' complaints regarding the defective camera glass in the Galaxy S7 series smartphones nor disclosed to the public the risk of this defect manifesting in the S7 series smartphones.

30.     Samsung provides purchasers of the Galaxy S7 smartphones with an express Limited Warranty for one year from the date of purchase.  Because the Galaxy S7 devices have been sold in the United States for less than a year, the Limited Warranty remains in effect for all Class members.  The Limited Warranty provides that "During the applicable warranty period, provided the Product is returned in accordance with the terms of this Limited Warranty, SAMSUNG will repair or replace the Product, at SAMSUNG's sole option, without charge."

31.     Samsung's Limited Warranty does not cover physical damage that is deemed to be the result of customer misuse of the device.  Accordingly, when customers send their defective Galaxy S7 devices to Samsung for evaluation and repair, Samsung labels the problem "Camera Lens Abuse" and therefore "out of warranty."

32.     Rather than complying with the terms of its Limited Warranty, Samsung is blaming its customers for the spontaneously shattering glass lens cover.

33.     In addition, not only is Samsung refusing to repair the devices under the terms of the warranty, it no longer gives its customers the option to have Samsung repair the device for a fee.  Instead, Samsung informs its customers that "[b]eginning September 30, 2016, Samsung mail-in service will temporarily suspend support of out of warranty repair.  This will include any unit considered to be out of warranty by condition (physical damage) as well as out of warranty by the 1 year warranty that begins on the purchase date."

34.     Samsung's notice further informs customers that "[p]roducts deemed out of warranty by date or condition will be returned unrepaired."

35.     In other words, Samsung will not assist its customers in repairing its defective devices even for a fee.  Plaintiff and members of the Class are left with no option but to pay for a repair or replacement themselves.

## V.     CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this suit on behalf of himself and, pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

All persons and entities in the United States who purchased or leased a Samsung Galaxy S7, Galaxy S7 Edge, or Galaxy S7 Active.

37.     Excluded from the Class are the Defendant, the officers, directors or employees of the Defendant, the attorneys in this case and any judge assigned to this matter, including the Court's staff.

38.     **Numerosity**.  The proposed Class is sufficiently numerous and its members are dispersed throughout the United States, making joinder of all members impracticable. Indeed, Samsung has sold millions of Galaxy S7 series devices throughout the United States.

39.     **Commonality**.  Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual class members, including:

    a)      whether the Galaxy S7 devices are materially defective;

    b)      whether Samsung knew, or should have known, that the Galaxy S7 devices are materially defective;

    c)      whether Samsung omitted and concealed material facts from its communications and disclosures to Plaintiff and the Class regarding the defects in the Galaxy S7 devices;

    d)      whether Samsung breached its express warranty;

    e)      whether Samsung breached its implied warranties;

    f)      whether Samsung has been unjustly enriched;

    g)      whether Samsung acted in violation of state and federal law; and

    h)      whether Plaintiff and the Class are entitled to damages and/or injunctive relief, and if so, the appropriate amount thereof.

40.     **Typicality**.  Plaintiff's claims are typical of the claims of members of the proposed Class because, among other things, Plaintiff and Class members sustained similar injuries as a result of Defendant's uniform wrongful conduct and their legal claims all arise from the same conduct.

41.     **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the proposed Class.  Plaintiff's interests do not conflict with Class members' interests and Plaintiff has retained counsel experienced in complex class action and consumer protection litigation to prosecute this case on behalf of the Class.

42.     **Rule 23(b)(3)**.  In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions

of law and fact predominate over any questions affecting only individual class members and a class action is superior to individual litigation. The amount of damages available to individual plaintiffs is insufficient to make litigation addressing Defendant's conduct economically feasible in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

43.     **Rule 23(b)(2)**.  Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the proposed Class, making final declaratory or injunctive relief appropriate with respect to the proposed Class as a whole.

## VI.     CAUSES OF ACTION

### COUNT I
**Violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.* ("NJCFA")**

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     Plaintiff, other members of the Class, and Samsung are "persons" within the meaning of the NJCFA.

46.      Plaintiff and other members of the Class are "consumers" within the meaning of the NJCFA.

47.     At all relevant times, Samsung conducted trade and commerce in New Jersey and elsewhere within the meaning of the NJCFA.

48.     The NJCFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

49.     Samsung made uniform representations that the Galaxy S7 was of a particular standard, quality, or grade when it was not, and that it would perform as represented when it did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of the Galaxy S7 devices that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Plaintiff and the other members of the Class, and were made in violation of the NJCPA. Namely, Samsung marketed and sold Galaxy S7 smartphones with a design flaw that causes the glass covering the outward-facing camera lens to shatter spontaneously with normal use.

50.     In its communications and disclosures to Plaintiff and the members of the Class, Samsung intentionally concealed and/or failed to disclose that the Galaxy S7 devices have this design and/or manufacturing defect, for the purpose of inducing the Plaintiff and other members of the class to purchase a Galaxy S7 device. These omissions and misleading statements were unfair or deceptive, had the capacity to deceive the public, caused injury to the property of the Plaintiff and the other members of the Class, and were made in violation of the NJCPA.

51.     Samsung had exclusive knowledge that the Galaxy S7 devices had the defect or defects set forth above, facts not known to the Plaintiff and the other members of the Class. Samsung's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which they failed to perform.

52.     Samsung knew, or was reckless in not knowing, that its statements about the Galaxy S7 devices were false and/or misleading.

53.     By the conduct described herein, Samsung engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of business, trade, or commerce.

54.     The representations made by Samsung and the facts concealed and/or not disclosed by Samsung to Plaintiff and the other members of the Class are material facts that were likely to deceive reasonable consumers, and that a reasonable consumer would have relied on in deciding whether or not to purchase a Galaxy S7 device.  Had Plaintiff and other members of the Class known that the glass cover over the outward-facing camera lens could, in a matter of weeks or months, spontaneously shatter without any external force applied, they would not have purchased their Galaxy S7 smartphones.

55.     The foregoing acts, misrepresentations, omissions, and unconscionable commercial practices caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of money spent to repair or replace their S7 smartphones and diminution in value of their S7 smartphones, and they are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit, as well as an order enjoining Samsung from continuing the unlawful, deceptive, and unfair business practices alleged herein.

56.     Application of New Jersey law to all Class members located throughout the country, regardless of each Class member's state of residence, is appropriate because Samsung's principal place of business is located in New Jersey and, on information and belief, Samsung's U.S.-related marketing operations and decisions, including the decisions as to how to advertise, promote, and sell the Galaxy S7 series in the United States, were made in New Jersey.  Thus, the facts and circumstances of this case bestow numerous contacts with the State of New Jersey so as

to create a state interest in applying New Jersey law to Samsung and make application of New Jersey law to the entire Class appropriate.

## COUNT II
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312

57.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

58.     Samsung's Galaxy S7 smartphones are "consumer products" as that term is defined by 15 U.S.C. § 2301(1).

59.     Plaintiff and Class members are "consumers" as that term is defined by 15 U.S.C. § 2301(3), and utilized the Galaxy S7 smartphones for personal and household use and not for resale or commercial purposes.

60.     Samsung is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

61.     Samsung provided Plaintiff and Class members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

62.     In its capacity as a warrantor, and by the conduct described herein, any attempt by Samsung to limit the express warranties in a manner that would exclude coverage of the defective smartphones is unconscionable and any such effort to disclaim or otherwise limit liability for the defective smartphones is null and void.

63.     Through the conduct described herein, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations, despite having been afforded a reasonable opportunity to cure such failure to comply.

64.     As a result of Samsung's breach of express warranties, Plaintiff and Class members are entitled to revoke their acceptance of the Galaxy S7 smartphones, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

**COUNT III**
**Breach of Express Warranty**

65.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

66.     Plaintiff seek to recover for Samsung's breach of express warranty under the laws of the State of New Jersey.

67.     Samsung warranted all of its Galaxy S7 smartphones against defects in material or workmanship at a time when it knew that these devices suffered from a material defect and, nevertheless, continued to market and sell these devices with this express warranty.

68.     Samsung is obligated under the terms of its express warranty to repair and/or replace the defective devices sold to Plaintiff and the Class.

69.     Samsung has breached its express warranty by supplying the Galaxy S7 smartphones in a condition which does not meet the warranty obligations undertaken by Samsung and by failing to repair or replace the defect and/or defective parts inherent in the devices.

70.     Samsung has received sufficient and timely notice of the breaches of warranty alleged herein. Despite this notice and Samsung's knowledge, Samsung refuses to honor its warranty, even though it knows of the inherent defect in the Galaxy S7 series.

71. In addition, on information and belief, Samsung has received hundreds, if not thousands, of complaints and other notices from consumers advising them of the defective camera lens cover in the Galaxy S7 smartphones.

72. Plaintiff gave Samsung a reasonable opportunity to cure its failures with respect to its warranties, and Samsung refused to do so.

73. Samsung has failed to provide to Plaintiff or the Class members, as a warranty replacement, a product that conforms to the qualities and characteristics that Samsung expressly warranted when it sold its Galaxy S7 smartphones to Plaintiff and members of the Class.

74. As a result of Samsung's breach of warranty, Plaintiff and the Classes have suffered damages in an amount to be determined at trial.

## COUNT IV
## Breach of Implied Warranty of Merchantability

75. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

76. Plaintiff seeks to recover for Samsung's breach of implied warranty under the laws of the State of New Jersey.

77. Samsung's implied warranty of merchantability accompanied the sale of the Galaxy S7 smartphones to Plaintiff and members of the Class.

78. Samsung is a merchant in the sale of its smartphones to Plaintiff and the Class members. Samsung manufactures, markets, and sells the smartphones. Samsung provided Plaintiff and the Class members with an implied warranty that the smartphones were merchantable and fit for the ordinary purposes for which they were sold. The Galaxy S7 devices are not fit for the ordinary purpose of taking pictures, because the protective glass covering over

the rear camera lens shatters spontaneously, and the shattered glass obscures the lens, rendering photos blurry. Thus, as the camera is now an integral component of a smartphone, the Galaxy S7 devices are not fit the ordinary purpose of a handheld computing device that includes camera.

79.     Samsung knew or had reason to know that Plaintiff and the Class members purchased the Galaxy S7 smartphones to use them as cameras as well as handheld computing devices.

80.     The Galaxy S7 smartphones do not conform to the promises and affirmations uniformly issued by Samsung in its sales materials and warranties, which promised an "advanced camera."

81.     Plaintiff and the Class members have used their Galaxy S7 smartphones for their intended and ordinary purposes.

82.     Plaintiff and the Class members have performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Samsung or by operation of law in light of Samsung's unconscionable conduct.

83.     Plaintiff and the Class members have provided sufficient and timely notice to Samsung regarding the problems they experienced with the Galaxy S7 smartphones and, despite such notice, Samsung has failed and refused to offer Plaintiff and the Class members an effective remedy.

84.     In addition, on information and belief, Samsung has received hundreds, if not thousands, of complaints and other notices from consumers advising them of the defective camera lens cover in the Galaxy S7 smartphones.

85.     As a proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiff and other members of the Class sustained damages including, but not

limited to, the purchase price of the Galaxy S7 device, the cost to repair or replace the device, and associated cellular carrier costs.

86.     Plaintiff and other members of the Class are entitled to all of the damages, remedies, fees, and costs available for Samsung's breach of implied warranties of merchantability.

## COUNT V
## Unjust Enrichment

87.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

88.     At all relevant times, Samsung designed, manufactured, sold, distributed, and/or marketed Galaxy S7 devices with a defect that causes the glass cover of the outward-facing camera to spontaneously shatter, rendering the camera unusable, but made false and misleading representations about the quality of the Galaxy S7 camera.

89.     Plaintiff and members of the class conferred upon Samsung, without knowledge of the inherent flaws in the Galaxy S7 series, a benefit through payment for the Galaxy S7 devices.  However, Plaintiff and the members of the class were not receiving products of the high quality, nature, fitness, safety, or value that had been represented by Samsung and that reasonable consumers would have expected, and inequity has resulted.

90.     Samsung's retention of the benefits conferred by Plaintiff and members of the Class under these circumstances is unjust and inequitable.  Plaintiff and members of the Class are therefore entitled to recover or recoup damages as a result of Samsung's unjust enrichment.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class,

respectfully requests that the Court enter judgment in his favor and against Samsung, as follows:

A.    Certification of the proposed Class, including appointment of Plaintiff's

counsel as Class Counsel;

B.    An order temporarily and permanently enjoining Samsung from

continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in

this Complaint;

C.    Injunctive relief, including public injunctive relief, as the court deems

appropriate;

D.    Costs, restitution, damages, and disgorgement in an amount to be

determined at trial;

E.    Revocation of acceptance;

F.    Declaratory relief as the court deems appropriate;

G.    Treble and/or punitive damages as permitted by applicable laws;

H.    An order requiring Samsung to pay both pre- and post-judgment interest

on any amounts awarded;

I.    An award of costs and attorneys' fees; and

J.    Such other or further relief as may be appropriate.

## VIII.   JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 19th day of January, 2017.


By: */s/ Lynn L. Sarko*_____
By: */s/ Michael D. Woerner*_____
By: */s/ Erin M. Riley*_____
By: */s/ Alison S. Gaffney*_____

Lynn L. Sarko (WI Bar No. 1010823)
Michael D. Woerner (admission application
forthcoming)
Erin M. Riley (WI Bar No. 1032685)
Alison S. Gaffney (admission application
forthcoming)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel.: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
        mwoerner@kellerrohrback.com
        eriley@kellerrohrback.com
        agaffney@kellerrohrback.com


**LAWTON & CATES, S.C.**
345 West Washington Avenue, Suite 201
Madison, WI 53703
Tel.: (608) 282-6200
Fax: (608) 282-6252
James A. Olson (WI Bar No. 1009442)
Dixon R. Gahnz (WI Bar No. 1024367)
Email: jolson@lawtoncates.com
        dgahnz@lawtoncates.com


*Attorneys for Plaintiff Dale Kessler*

# DISCLOSURE STATEMENT

The undersigned counsel of record for Plaintiff Dale Kessler furnishes the following in compliance with Civil L. R. 7.1 and Fed. R. Civ. P. 7.1:

The undersigned represents Plaintiff Dale Kessler, individually and on behalf of all others similarly situated in the above-captioned action.

Date: January 19, 2017

*s/ Lynn L. Sarko*
Lynn L. Sarko (WI Bar No. 1010823)
Michael D. Woerner (admission application forthcoming)
Erin M. Riley (WI Bar No. 1032685)
Alison S. Gaffney (admission application forthcoming)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052Tel.: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
mwoerner@kellerrohrback.com
eriley@kellerrohrback.com
agaffney@kellerrohrback.com

**LAWTON & CATES, S.C.**
345 West Washington Avenue, Suite 201
Madison, WI 53703
Tel.: (608) 282-6200
Fax: (608) 282-6252
James A. Olson (WI Bar No. 1009442)
Dixon R. Gahnz (WI Bar No. 1024367)
Email: jolson@lawtoncates.com
dgahnz@lawtoncates.com

*Attorneys for Plaintiff Dale Kessler*